NEFF et v CLEVELAND TRUST
COMPANY, Etc.

Common Pleas Court, Cuyahoga Co

No 506975.  Decided Oct 20, 1941

Thompson, Hine & Flory, Cleveland, for plaintiff.

Cummings, Mook, Strong & Douglas, Cleveland, for defendant.

## OPINION

By McNAMEE, J.

This is an action for a declaratory judgment brought by the plaintiffs, who are all the beneficiaries in being of certain trust estates created by the last will and testament of Charles H. Yeager, deceased. Defendant corporation is the trustee nominated and appointed in said will to administer the trust. The testator died a resident of Pennsylvania where his estate was administered. His executors, pursuant to the directions of the will, transferred the trust estate to the defendant corporate trustee whose place of business is located in this county. The trust res being located here to be administered in this jurisdiction, this court has authority to entertain the application for a declaratory judgment. This action is authorized by the provisions of Subsection (b) and (c) of §12102-4 GC, which provide in effect that any person interested as or through a fiduciary may have a declaration of rights or direction to the trustee in respect to any question arising in the administration of the trust.

The sum of approximately $100,000 has been delivered to the defendant corporate trustee pursuant to the terms

**2**

of the will, and has been invested from time to time in securities of the class designated and described in §10506-41 GC. Defendant trustee now has about $40,000 in cash available for investment. The plaintiffs herein seeking a higher return on the income of the estate, and asserting that the defendant corporate trustee is not restricted by law to investments of the class specified in §10506-41 GC, have requested the defendant to invest said trust funds in the class of securities designated in the Banking Act, more particularly those securities which are enumerated and specified in §§710-111, 710-112, 710-140, 710-164 to 710-166 GC, inclusive. The instrument creating the trust does not confer upon the trustee any discretion or authority to invest in securities not authorized by law. The trustee therefore has refused the request of the beneficiaries until its authority to comply therewith has been determined by a court of competent jurisdiction. Plaintiffs pray this Court to determine that defendant has authority as a corporate fiduciary to invest said trust funds in the securities described in the foregoing sections of the Banking Act. Defendant in its answer prays the direction and instructions of the Court and asks that the rights of all beneficiaries of the estate be protected in any order made herein.

The first paragraph of §10506-41 GC, reads:

"Except as may be otherwise provided by law or by the instrument creating the trust, a fiduciary having funds belonging to the trust which are to be invested may invest them in the following:"

The balance of this section describes and enumerates the approved securities and contains a proviso which prohibits an administrator or executor from investing funds belonging to an estate except with the approval of the Court, or where the will or other instrument creating the trust permits, and a further provision which grants additional investment authority to a guardian, with approval of the court to invest in real estate located within the State of Ohio under certain circumstances. The entire section is too lengthy to be conveniently incorporated in full in this memorandum.

It is the claim of plaintiffs that the words "EXCEPT AS MAY BE OTHERWISE PROVIDED BY LAW" appearing in the opening sentence of §10506-41 GC, have the effect of including as proper investments by trust companies acting as fiduciaries, those securities enumerated in the sections of the Banking Act hereinabove referred to, as well as the securities specifically designated in §10506-41 GC. Defendant does not disagree with this contention, but on the contrary urges its adoption by the Court as the correct interpretation of the language in question. While there is no real dispute between the parties it is important that the existing doubt and uncertainty as to the investment authority of corporate fiduciaries be resolved by a determination of the Court.

Plaintiffs make a strong case for the view urged by them. Sec. 10506-41 GC, in its original form was adopted as a part of the new Probate Code which became effective January 1, 1932. The legislative history of this section discloses that when it was introduced in the Ohio Senate the opening sentence read "Except as otherwise provided by the instrument creating the trust". Upon the suggestion of a representative of the corporate fiduciaries of Ohio the Senate Committee in charge of the Bill amended this proviso by the insertion of the words "law" and "or". As thus amended the proviso was adopted in its present form. It was suggested to the committee that the amendment would have the effect of granting to corporate fiduciaries the broad investment powers of trustees under the Banking Act in addition to the powers granted fiduciaries under §10506-41 GC. It appears also that at the time this amendment was under consideration by the Committee one of the chief opponents against extending greater investment authority to cor-

porate fiduciaries knew and understood that the amendment was designed to achieve that result. Several other members of the Legislative Committee and of the Committee of the Ohio Bar sponsoring the legislation, whose views have been made known to the Court, likewise understood this to be the effect of the amendment. These views of the various committee members have been submitted to the Court in the form of written statements signed by them, or copies of letters written by them at the time this legislation was under consideration. These written statements have not been received by the Court as establishing evidentiary facts in this case, but have been considered as being helpful to a correct determination of the effect of the language of the proviso. The authorities in this State support the view that the Court may resort to committee reports and statements made in legislative debate as "aids to construction" (37 **O. Jur. 703**). Although the written statements of the members of the legislative and bar committees do not fall precisely within the category of committee reports or statements made in legislative debate, the Court is of the opinion that on principles similar to those which sanction the reception of the latter, consideration of these statements is fully warranted. That legislative leaders and members of sponsoring bar committees understood the language in question to have the effect claimed for it by plaintiffs, is a fact not to be dismissed lightly in arriving at the intent of the Legislature. While these statements are to be accorded great weight they are not conclusive of legislative intent. The intention of the Legislature is expressed in the act adopted and is the will of the majority of the members of both houses and the Court is required to resort to other "aids to construction" in an effort to determine whether the legislative intent as expressed in the Act is compatible with the understanding and intent of some of its members.

The new Probate Code is a model of clarity and preciseness of language. It represents a painstaking, thorough and skillful effort to achieve definiteness and certainty of statement in statutory law. Exceptions, exemptions and provisos generally are stated in apt, clear and unmistakable language. In the chapter dealing with fiduciaries of which §10506-41 GC, is a part, the definition of a "fiduciary" is stated in the following terms:

"**Sec. 10506-1.** The term 'fiduciary' as used in this act means any person, association or corporation (other than an assignee or trustee for an insolvent debtor, or a guardian under the uniform veterans' guardianship act) appointed by and accountable to the probate court, and either acting in a fiduciary capacity for any person, association or corporation, or charged with duties in relation to any property, interest, trust or estate for the benefit of another."

Throughout the various sections of this chapter where the investment authority of any particular class of fiduciaries is qualified, limited or enlarged, or where fiduciaries or others are excepted from the provisions of the Act, the qualifying language is in terms that are definite, certain and precise.

Sub-section (n) of §10506-41 **GC,** which designates savings accounts in a national or state bank as approved investments by a fiduciary, grants specific authority to national or state banks when acting in a fiduciary capacity, to deposit such funds in savings accounts in their own savings departments. By the express terms of this subsection the Legislature made clear its intention to place corporate fiduciaries on a parity with individual fiduciaries in respect to the authority to invest trust funds in savings accounts. The Legislature declared with certainty its intention that such deposits made by a corporate fiduciary in its own savings department were to be included within the authority granted in this respect to fiduciaries generally.

Again in §10506-45 GC, dealing with deposit of funds, the following language appears:

"A corporate fiduciary authorized by law to receive deposits of fiduciaries, shall have authority to be the depositary of funds held by it as such fiduciary."

This language admits of no doubt as to the authority of corporate fiduciaries to receive deposits of the kind described in the foregoing section.

Sec. 10506-49 GC, prohibits "fiduciaries" from buying or selling to themselves and from any self-dealing with the estate as expressly authorized by the instrument creating the trust, and then only with the approval of the Probate Court in each instance. The exception to this grant of authority is particularly noted in the same section in the following language:

"but no corporate fiduciary shall be permitted to do so, any power in the instrument creating the trust to the contrary notwithstanding."

In words of unmistakable import the Legislature has prohibited corporate fiduciaries at all events from exercising authority granted to other fiduciaries in the circumstances referred to in this section. The exception contained in this section constitutes a limitation upon the authority of corporate fiduciaries and its proscriptive terms are couched in language that admits of no uncertainty.

Investigation of trusts is provided for in §10506-50 and pursuant thereto the Probate Judge may upon application of an interested party appoint a suitable person or persons "to investigate the administration of the trust and report to the Court". The section concludes with the following language:

"This section shall not apply to a corporate trustee which is subject to the provisions of §710-162 GC."

It is recognized by the language of this exception that corporate trustees as distinguished from trust companies acting as corporate fiduciaries are amenable to the investigatory provisions of the Banking Act. In precise terminology and by reference to a specific section of the Banking Act trust companies acting as corporate trustees are exempt from investigation under the provisions of the Probate Code.

Thus it appears that in the instances cited where the Legislature desired to preserve for corporate fiduciaries investment authority equal to that of other fiduciaries, its intention was declared in apt, unequivocal language. Likewise where limitation was placed upon authority of a corporate fiduciary and when a corporate trustee was specifically exempted from the operation of the investigatory provisions of the Probate Code, the limitation and exception were expressed with preciseness and certainty.

It is difficult to understand, therefore, why this policy of definite, clear and specific statement was not followed in the much more important matter of granting to corporate fiduciaries the additional broad, comprehensive and liberal investment authority included in the applicable sections of the Banking Act. The intention to grant such additional investment authority to corporate fiduciaries could have been expressed in language as simple and easisy understood as that used by the Legislature in those other sections of the Probate Code hereinabove noted. The policy of detailed and explicit statement further defining the investment authority of corporate fiduciaries as evidenced by the language used in §§10506-41 sub-section (n), 10506-45, 10506-49 GC, negatives the inference that by the general terms of the proviso "except as may be otherwise provided by law", the Legislature intended to grant to corporate fiduciaries the additional investment authority set forth in the applicable sections of the Banking Act.

In further support of their contentions, plaintiffs rely upon an opinion of the Attorney General of Ohio, No.

2780, dated June 4, 1934, wherein it is declared:

"The effect of the amendment was to include as proper investments by trust companies, those investments set forth in §§710-111, 710-112, 710-140, 710-164 and 710-166 of the banking act, as well as the investments set out in §10506-41 GC."

An examination of the opinion discloses that the above quoted statement is obiter dictum. The question presented to and decided by the attorney general in the opinion was whether under the provisions of §10506-41 GC, then in effect, a fiduciary was required to obtain the approval of Probate Court in making investments authorized by that section. The attorney general's construction of §10506-41 is based upon and in harmony with an article in 5 Cincinnati Law Review, pages 429-441. The article referred to was written by Samuel Freifield of the Steubenville Bar. On page 434 of this article Mr. Freifield makes the following statement:

"Another striking feature of the new statute is the first clause, reading 'Except as may be otherwise provided by law * * * ' The effect of this proviso is to include as proper investments, those outlined in the sections of the banking act, dealing with the investments of trust funds of trust companies."

At pages 435-6 he continues as follows:

"Under the new statute, the discretionary feature is of course, not exercisable. However, it is probably not necessary from the corporate trustee's standpoint, as the 'except' clause will doubtless be interpreted to save to trust companies the right to invest in accordance with the banking sections."

Subjoined to the last quoted statement is a note by the author, as follows:

"If any question should arise as to this, another clause, supplementary to the 'except' clause, may be added, saving to trust companies specifically the right to invest trust funds in accordance with the applicable subsections under §710 GC."

Plaintiffs also refer to an article written by Professor Frank S. Rowley of the University of Cincinnati, appearing in 14 Cincinnati Law Review, pages 156 to 160 inclusive, and another article by Professor Rowley in collaboration with Professor Harry W. Vanneman, appearing in 13 Cincinnati Law Review, pages 157 to 190, inclusive. Also Professor Vanneman's statement in 40 O. Jur. 382, 383.

In these latter treatises the authors argue the advisability of extending to corporate fiduciaries the additional investment authority granted to corporate trustees under the banking act of Ohio, and adopt Mr. Freifield's construction of the proviso in question as granting said authority. The Court has very carefully considered the views of these distinguished scholars and accorded them due weight.

Plaintiff also refers to **In re Susan A. Fitzsimmons**, Case No. 139,342 on the docket of the Probate Court of Cuyahoga County, particular reference being made to a report of special master commissioner appointed by Judge Brewer; also the Hamilton County Common Pleas Court in unreported case of the **Central Trust Company, Trustee v Benjamin Bartlett Keyes, et.** An analysis of these cases has been made by the Court and it is unnecessary to review them at length. They are not binding upon this Court nor decisive of the question here presented.

The Court's attention has also been directed to the case of **Central Trust Company, Trustee v Mabel Howard Walter et**, decided by Hamilton County Common Pleas Court. No opinion was rendered in this case, and while it presents a situation analogous upon its facts and the Court in that case held that the corporate fiduciary had the broad investment powers claimed by

the plaintiffs in this action, this Court is unable to determine the reasons which persuaded the Hamilton County Court to the decision made. Likewise the decision in that case is not binding upon this Court.

Sec. 10506-41 superseded former §§10933 and 12214 GC, which prior to the adoption of the new Probate Code defined the investment authority of fiduciaries. It is conceded that during the period the older sections were in effect corporate fiduciaries did not possess the investment authority granted to corporate trustees under the banking act. In passing upon exceptions to an account of a corporate fiduciary acting as guardian of the estate of a lunatic, Judge Chittenden of the Probate Court of Lucas County (in re Osborne) 10 OO 444, held in the first paragraph of the syllabus, as follows:

"1. Sec. 710-166 GC, can not be construed as relating to trust funds being administered by a trust company as a fiduciary appointed by and acting under the jurisdiction of the Probate Court."

The second paragraph of the syllabus reads:

"2. A corporate fiduciary must be governed by the same law as to investments which governs individual fiduciaries."

It is quite apparent that one of the predecessor sections of §10506-41 was applicable to the facts in the Osborne case, to-wit, §10933 GC.

The Osborne case, therefore, is authority for the proposition that before the enactment of §10506-41 GC, corporate fiduciaries possessed no greater investment authority than individual fiduciaries.

No case has been called to this Court's attention which indicates that prior to the adoption of the new Probate Code any court in this state held that corporate fiduciaries possessed greater investment authority than individual fiduciaries. It may be asserted, there-

fore, that prior to the effective date of §10506-41 GC, the settled policy of the law of this state was to limit the investment authority of corporate fiduciaries to such authority as was granted in the then effective sections of the General Code defining the investment authority of fiduciaries generally.

It is fundamental that a new law superseding older statutory provisions shall be given the same construction as the statutes which it supersedes, unless, by clear and unambiguous language the latter enactment requires a different construction. A settled policy of law on a matter of such large significance as the investment of trust funds by a fiduciary should not be changed except by language which clearly and peremptorily evidences a legislative intention to make such change. This principle has been applied to the construction of statutes in derogation of the common law. In 37 O. Jur., p. 729, §409, the rule is declared as follows:

"Moreover, the courts feel that an ancient and settled system ought not to be overturned except by clear, unambiguous, and peremptory language. Accordingly, it is presumed that no change in the common law is intended by the enactment of a statute upon the same subject unless the language employed clearly indicates such an intention."

Likewise a similar rule is declared in §372 of 37 O. Jur., pages 677 and 678:

"Accordingly, there are numerous instances in the reported cases in which the general public policy of the state has been taken into consideration in construing a particular statute. Indeed, it has even been presumed that the legislature did not intend, by its enactment, to modify or change a settled public policy except insofar as it has therein declared such intention either in express terms or by unmistakable implication."

The same rules of construction ought to be applied to a statute, which is for the most part a codification of the former statutes, declaring the existing and settled policy of the law with respect to the investment powers of fiduciaries. The words "except as may be otherwise provided by law" constitute no clear or peremptory indication by the legislature to grant to corporate fiduciaries investment powers not theretofore possessed by them. The words of the proviso make no reference to a corporate fiduciary, nor is there any language in §10506-41 which distinguishes between the investment authority of a corporate fiduciary and an individual fiduciary. On the contrary and as hereinabove noted, **sub-section (n)** of **§10506-41 GC**, by specific reference to corporate fiduciaries in clear and unambiguous language preserves to such corporate fiduciaries equality of authority with individual fiduciaries in the matter of investing funds in savings accounts.

The proviso in **§10506-41** can be construed as granting corporate fiduciaries the additional investment authority set forth in the banking act only if the words of the proviso are rendered meaningless unless given such effect.

It is a fundamental canon of construction that courts must give effect to every word, clause or proviso of the statute and a judicial construction that renders such words or phrases nugatory or meaningless is an extremity to be avoided, but if such words or provisos can be given full effect by reference to other sections of the same act, such construction is permitted if consistent with the spirit of the statute, its subject matter and the legislative purpose in enacting the law.

An analysis of **§10506-41 GC**, and subsequent sections in the same chapter discloses that the words "except as may be otherwise provided by law" retain their full import and vitality when construed as referable to other sections of the same chapter. **Sec. 10506-41 GC,** is permissible in form but mandatory

in its requirements that fiduciaries may invest only in the securities therein designated. It would appear from the holding of the Supreme Court in **Savings & Loan Company v Strain, 130 Oh. St page 53,** that similar provisions of **§11214 GC,** one of the predecessor sections of **§10506-41 GC,** were mandatory. It would seem also that a similar construction of the terms of **§10506-41 GC,** is required.

The present statute as thus interpreted provides that fiduciaries must invest in the securities specified therein "except as may be otherwise provided by law". **Sections 10506-42 and 43** permit fiduciaries to retain securities received by them even though not of the approved class designated in **§10506-41 GC,** and to retain any securities received as part of a distribution in kind.

**Section 10506-44** reads:

**"Participation in corporate reorganization.** Unless the instrument creating the trust forbids, a fiduciary shall have power with respect to securities held by him to do all of the things which an individual holder might do, including the power to exercise or sell subscription rights, to accept in place of the stock held, new stock in the same corporation, or in the event of reorganization, sale or merger, in a different corporation, and with the approval of the court to invest additional funds where required of all shareholders participating in a reorganization."

The authority contained in the last quoted section authorizing fiduciaries in cases of reorganization, sale or merger and with the approval of the court to invest additional funds "where required of all shareholders" constitutes an exception to the mandatory requirements of **§10506-41 GC,** and would seem to come squarely within the terms of the proviso in the opening sentence of the last mentioned section.

It may be helpful to ascertain the construction placed upon **§10506-41** by the legislature itself as evidenced by recent amendments thereto. In Au-

gust of this year the provisions of that section were amended so as to enlarge the investment authority of fiduciaries by permitting them to invest in securities not formerly within the designated class. The amendments also place more rigid safeguards upon investments in notes secured by real estate mortgages. **Subsection (e) of §10506-41** which formerly related to mortgage notes and bonds is now limited to mortgage notes, and the requirements for qualification of this class of security are more strict than before the amendment. The general effect of the amendment to Subsection (e) is to set a higher standard for investment in mortgage notes. The mortgages referred to in this section must be upon real estate held in fee and located in the State of Ohio. Reference to §710-112 GC, which describes the real estate loans permissible to banking and trust companies does not contain the rigid qualifications, set forth in **§10506-41 sub-section (e)** as amended.

Among other things the applicable provision in the banking act permits investments in loans secured by first liens upon real estate "situated in this state or in states contiguous thereto," and in many other respects is less stringent in the qualifications of this type of security. If the interpretation of the proviso urged by plaintiffs be adopted it would have the effect of granting to banks and trust companies acting as testamentary trustees the right to invest in real estate loans secured by first mortgages as that class of investment is qualified and described in the Probate Code, and in addition thereto in the discretion of such trustee to invest in less carefully safeguarded mortgage loans defined in §710-112 GC. It seems improbable that the legislature would have painstakingly described an approved security of a particular class as being authorized for investment by fiduciaries generally if it understood that corporate fiduciaries were authorized to invest in securities of the same class but presumably less safe than those included by the recent amendment to **§10506-41 GC.**

Reference is again made to the last paragraph of §10506-41 GC, which reads as follows:

"In addition to the above, a guardian may, with the approval of the probate court, invest funds belonging to the trust in productive real estate located within the state of Ohio, provided neither the guardian nor any member of his family has any interest in such real estate or in the proceeds of the purchase price paid therefor. The title to any real estate so purchased must be taken in the name of the ward."

It is to be noted that by this provision the legislature granted additional investment authority to a particular class of fiduciaries, to-wit, guardians. Presumably if the legislature intended to grant further additional authority to corporate fiduciaries acting as guardians of estates, such intention would have been expressed in clear and unambiguous terms. If the proviso in question were to be construed as urged by the plaintiffs, corporate fiduciaries acting as guardians of the estate of a minor would have, in addition to the added authority of a guardian as set forth in the last paragraph of §10506-41 GC, the numerous broad, liberal powers granted to corporate trustees under the applicable sections of the Ohio Banking Act. These sections authorize a corporate trustee to invest in stocks and bonds of a corporation upon the approval of the Board of Directors. They authorize investments in collateral loans and in a wide range and variety of securities not specifically designated in §10506-41 GC. It is fairly to be inferred that if the legislature intended to grant such additional investment authority to corporate fiduciaries acting as guardians of estates, it would have so declared in specific language.

That there is uncertainty and doubt as to the effect of the words "except as may be provided by law" is unquestioned. This language has been incorporated in the statute in question as a

part of the law of this state since January 1st, 1932. Corporate fiduciaries apparently unwilling to assume the attendant risk of investing in those securities described in the applicable sections of the banking act, confine their investments to those securities designated in §10506-41 GC, except when specifically authorized to do otherwise by declaratory judgment of a court.

The existing doubt must of necessity be resolved against the enlargement of the investment authority of corporate fiduciaries. (The applicable sections of the Probate Code defining investment authority of fiduciaries are in the nature of a limitation upon the authority of corporate trustees as set forth in the provision of the banking act). To hold otherwise would require this Court to exempt corporate fiduciaries from the mandatory provisions of §10506-41 GC. Such a radical departure from the past legislative policy must be indicated by the legislature in language that is certain and unmistakable in its effect. A change in legislative policy must be marked by legislative guideposts that clearly designate the new road to be traveled. This Court is without power to overturn the settled policy of the law by a construction of words of doubtful import.

The Court therefore holds, and declares, that the defendant trustee is limited in its investment authority to those securities specifically designated in §10506-41 GC. A journal entry may be prepared in accordance herewith.